UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McLAUGHLIN,<br><br>    Petitioner,<br><br>  v.<br><br>JIM HAMLET, Warden,<br><br>    Respondent. | NO. EDCV 03-00154-SGL (MAN)<br><br>ORDER ACCEPTING AND ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, and the Amended Report and Recommendation of United States Magistrate Judge. The time for filing Objections has passed, and no Objections to the Amended Report and Recommendation have been filed with the Court.

   Since the issuance of the Amended Report and Recommendation, the Ninth Circuit has issued its decision in <u>Hayward v. Marshall</u>, __ F.3d __, 2007 WL 43716 (9th Cir. January 3, 2008). In <u>Hayward</u>, the Ninth Circuit granted habeas relief to a California state prisoner who twice had been granted a parole date by the California Board of Prison Terms

("Board"), only to have the Board's determination reversed by the Governor.

Hayward does not change the result in this case. In that case, "extraordinary circumstances" were cited by the Ninth Circuit to support its conclusion that the Governor's reversal of the Board's parole grant violated Hayward's due process rights. Hayward, 2007 WL 43716, at *8. Such "extraordinary circumstances" are not present in this case. In Hayward, the Ninth Circuit found that most of the factors relied upon by the Governor in reversing the Board's parole grant were without evidentiary support. Hayward, 2007 WL 43716, at *6. The Ninth Circuit concluded that, of the factors cited by the Governor, only Hayward's criminal history, social history, and commitment offense arguably supported the Governor's decision. Id. at *7-*8. The Ninth Circuit found that Hayward's long criminal history and unstable social history, which both dated back 30 to 50 years ago, did not provide evidence that Hayward posed a current risk to public safety. Id. With respect to the gravity of Hayward's commitment offense, i.e., stabbing and killing a man who, according to conflicting accounts, had either slapped or attempted to rape Hayward's girlfriend (who later became his wife), the Ninth Circuit further concluded that the offense alone "had no predictive value regarding [Hayward's] suitability for parole." Id. at *8. "[T]he unusual circumstances" of the case cited by the Ninth Circuit included: Hayward's advanced age (64); the provocation for his crime, which "seems not likely to recur in the years of life remaining for him"; the strong evidence of Hayward's rehabilitation; and the favorable decisions of the Board in his recent parole hearings. Id. at *6, *8.

1   Here, the Board did not find Petitioner unsuitable for parole
2   solely on the basis of his commitment offense.  The Board also found
3   that Petitioner's psychological report was inconclusive and not
4   sufficiently current, and that Petitioner had not participated
5   sufficiently in self-help programs.  (Respondent's Motion to Dismiss,
6   Ex. 6 at 277-80.)  In particular, the Board was concerned that
7   Petitioner had not participated in the Alcoholics Anonymous program,
8   although it conceded that he was on the waiting list for the program and
9   had provided evidence of practicing the steps on his own.  (*Id.* at 278-
10  79.)  Because Petitioner's strangling of the victim during a sexual
11  encounter was his single act of violence in a life otherwise devoid of
12  any criminal history, the psychologist's view that Petitioner did not
13  yet sufficiently understand the reasons for his aberrant criminal
14  conduct (Motion to Dismiss, Ex. 4 at 73) cannot be considered as having
15  no predictive value regarding whether he poses a risk to public safety
16  if released.  Similarly, because Petitioner was intoxicated when he
17  committed his crime, the Board's view that Petitioner had not yet
18  sufficiently participated in self-help programs was an additional factor
19  that, in conjunction with the psychological report and the impulsive
20  nature of his crime, provided "some evidence" that Petitioner's release
21  on parole would pose a risk to public safety.  <u>Hayward</u>, therefore, is
22  distinguishable from this case.
23
24  Having completed its review, the Court concludes that federal
25  habeas relief is not warranted under 28 U.S.C. § 2254(d), and accepts
26  and adopts the Magistrate Judge's Amended Report and Recommendation and
27  the findings of fact, conclusions of law, and recommendations therein.
28

1 |     Accordingly, IT IS ORDERED that:  (1) the Petition is DENIED; and
2 | (2) Judgment shall be entered dismissing this action with prejudice.
3 |
4 |     IT IS FURTHER ORDERED that the Clerk shall serve copies of the
5 | Order and the Judgment on petitioner and counsel for respondent.
6 |
7 | DATED:  1-10-08

                                    STEPHEN G. LARSON
                                    UNITED STATES DISTRICT JUDGE